IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RASSAN M. TARABEIN,          *
# 16872-003,                 *
                             *
      Plaintiff,             *
                             * CIVIL ACTION NO. 24-00342-KD-B
vs.                          *
                             *
INTERNAL REVENUE SERVICE,    *
                             *
      Defendant.             *

## REPORT AND RECOMMENDATION

Plaintiff Rassan M. Tarabein ("Tarabein" or "Plaintiff") filed this action, without the assistance of an attorney (*pro se*) and without prepayment of fees (*in forma pauperis* or "IFP"). This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Because Plaintiff was granted leave to proceed in this action without prepayment of fees (Docs. 4, 17), his second amended complaint is subject to review, prior to service, under 28 U.S.C §§1915(e)(2)(B) and 1915A. Upon careful review, it is **RECOMMENDED** that this action be **dismissed without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## I.   BACKGROUND

Plaintiff Rassan M. Tarabein is a former neurologist who pled guilty to healthcare fraud and unlawful distribution of controlled

substances.  He agreed to pay restitution and forfeit various properties and was sentenced to 60 months in prison and ordered to pay more than $15 million in restitution.  See United States v. Rassan M. Tarabein, No. 1:17-cr-00090-KD (S.D. Ala. 2017).  After his release in 2022, Tarabein was arrested again and subsequently convicted on September 23, 2022 of five offenses relating to fraudulently obtaining assets and concealing them to avoid his restitution obligation.  See United States v. Rassan M. Tarabein, No. 1:22-cr-00074-JB (S.D. Ala. 2022) (Doc. 125). At the time Tarabein initiated this action, he was serving a 36-month prison sentence at FPC Montgomery.[1]

In September 2024, Tarabein commenced this action by filing a complaint against the Internal Revenue Service seeking a refund of income tax payments pursuant to 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1).  (Doc. 1).  The Court conducted an initial screening review of Tarabein's complaint pursuant to 28 U.S.C. §§ 1915 and

---

[1]    After being convicted in 2022, Tarabein was sentenced to a term of 48-months imprisonment for his convictions. Specifically, Tarabein was sentenced to 24 months as to Counts One, Two, and Three, to run concurrently, 12 months as to Count Four, to run concurrently to the custody sentenced imposed in Counts One, Two and Three, and 24 months as to Count Five to run consecutively to the custody sentenced imposed in Counts One, Two, Three and Four. (See United States v. Tarabein, No. 1:22-CR-00074-JB-N (S.D. Ala.); Doc. 125). Thereafter, pursuant to 18 U.S.C. § 3582(c)(2), Tarabein's sentence was reduced to 36 months as to Counts One and Three only. (See Id. at Doc. 203). Since the filing of this action, Tarabein has been released from prison.

1915A.  In an order dated October 21, 2024, the Court found that Tarabein's complaint against the IRS failed to state a claim upon which relief could be granted because it failed to name a proper defendant.  (Doc. 6 at 4-5).  The Court explained to Tarabein that the "IRS cannot be sued in its own name," and that the "proper defendant to a refund action under 28 U.S.C. § 1346(a)(1) is the United States."  (Id. at 4 (quotations omitted)).  The Court also informed Tarabein of the jurisdictional prerequisites for filing a tax refund suit under § 1346(a)(1), and of the need to plead facts demonstrating the satisfaction of those requirements.  (Id. at 7-9).  The Court ordered Tarabein to file an amended complaint that stated a claim upon which relief could be granted against a proper defendant.  (Id. at 5).  To assist Tarabein in pleading his amended complaint, the Court informed him of the applicable pleading standards for a complaint in federal court.  (Id. at 5-9).  The Court warned Tarabein that if he filed an amended complaint that failed "to comply with the Court's pleading directives and correct the noted deficiencies in his original complaint, the undersigned [would] recommend that this action be dismissed."  (Id. at 9-10).

In response to the Court's order, Tarabein filed an amended

complaint dated October 24, 2024.[2] (Doc. 8). Tarabein's amended complaint continued to list the "IRS" as the sole defendant. (Id. at 1, 6). Tarabein alleged that his "claim against the Internal Revenue Service (IRS) arose from the unlawful seizure of over six and a half million dollars . . . by the government, purportedly for restitution to patients and insurance companies for medical services rendered by [Tarabein] between 2004 and 2017." (Id. at 5). Tarabein asserts that the IRS "is obligated to refund the income taxes levied on the seized funds, which the government allegedly distributed as restitution to individuals it classified as 'victims.'" (Id.).

According to Tarabein:

> The funds seized from [Tarabein] were earmarked as restitution, and therefore, they should not have been treated as taxable income. The government's classification of these funds as income subjected [Tarabein] to improper taxation. Patients and insurers likely deducted these healthcare expenses from their own tax liabilities, as they had initially paid [Tarabein] for services rendered, and the government later purportedly refunded those amounts. As a result, [Tarabein] was taxed on the same income that the recipients had already deducted, creating a scenario of double taxation. This constitutes an unjust enrichment for the government and a clear violation of [Tarabein's] constitutional rights under the Fifth Amendment's Due Process Clause.

(Id.).

---

[2] Unlike his initial complaint, Tarabein's amended complaint is on this Court's form complaint for a prisoner action under 42 U.S.C. § 1983. (See Doc. 8).

4

Under the heading "Claim for Refund," Tarabein states:

The government's seizure of [Tarabein's] earnings from
2011 to 2017 effectively eliminated his income for those
years. Consequently, the income taxes imposed on these
funds must be nullified, and [Tarabein] is entitled to
a full refund of any taxes paid on those amounts.
[Tarabein] filed amended tax returns (Form 1040X) in
accordance with IRS procedures, seeking to correct the
tax liability and reflect the elimination of income
resulting from the government's actions. Despite the
submission of these forms, the IRS has failed to respond
to [Tarabein's] amended returns for over two years,
thereby violating [Tarabein's] right to timely
administrative review and exacerbating the harm caused
by the initial improper collection.

[Tarabein's] claim is supported by statutory law, which
provides for tax refunds in cases of overpayment or
improper collection of taxes (26 U.S.C. § 6402).
Moreover, under 42 U.S.C. § 1983, [Tarabein] seeks
redress for the violation of his constitutional rights,
as the government's seizure and failure to properly
account for the disposition of the funds constitutes a
deprivation of property without due process of law. The
IRS's refusal to issue the requested tax refund
exacerbates this violation, entitling [Tarabein] to
appropriate relief from this Court.

(Id.).

Tarabein requested that the IRS refund the income taxes levied
on the $6,500,000.00 in seized funds, along with any applicable
interest, and grant such other relief as may be just and proper.
(Id.).

Upon a screening review of Tarabein's amended complaint
pursuant to 28 U.S.C. §§ 1915 and 1915A, the Court found Tarabein,
again, failed to state a claim upon which relief could be granted
because Tarabein failed to name a proper defendant; failed to show

a waiver of sovereign immunity under 28 U.S.C. 1346(a); failed to state a claim under 42 U.S.C. § 1983; failed to state a claim under Bivens; and the amended complaint continued to violate federal pleading standards.

The Court explained to Tarabein, again, that the "IRS cannot be sued in its own name because it is not an agency permitted by Congress to be sued *eo nomine*." Price v. I.R.S., 2002 U.S. Dist. LEXIS 13922, at *4-5, 2002 WL 1058154, at *1 (S.D. Ala. Apr. 11, 2002).[3]  Instead, "[t]he proper defendant to a refund action under 28 U.S.C. § 1346(a)(1) is the United States." Id.  Additionally, the Court explained that while the United States has waived its sovereign immunity for tax refund suits under 28 U.S.C. § 1346(a)(1), the consent applies only to actions that meet the conditions set forth in 26 U.S.C. § 7422(a), which requires a taxpayer, amongst other things, to have filed his claim within three years of the filing of the tax return or within two years of the tax being paid. (Doc. 9 at 12-13, citing Enax v. Comm'r, 476 F. App'x 857, 859 (11th Cir. 2012) (per curiam)); see also 26 U.S.C. § 6511(a).  The Court identified the statutory time limit to Tarabein and instructed him on his burden to demonstrate that he had timely filed a refund claim to the IRS in order to proceed

---

[3]    In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

with his claim. (Doc. 9 at 14-17; see id. at 17 ("Tarabein's amended complaint lumps together the years for which he seeks a refund of his income taxes and does not allege facts demonstrating that he filed a timely refund claim with the IRS under 26 U.S.C. § 6511(a).")). The Court also informed Tarabein of the elements for redress under 42 U.S.C. § 1983 and Bivens and explained how his claims failed to fall within either. Lastly, the Court informed Tarabein as to the federal pleading standards, pointing out that his amended complaint failed to allege separate claims into different counts with the pertinent facts supporting each. (Id. at 21). The Court then gave Tarabein a final opportunity to amend his complaint. Tarabein was cautioned that failure to comply with the Court's directives would result in a recommendation that his action be dismissed. (Id. at 24).

In response, Tarabein filed a second amended complaint. (Doc. 10). In his second amended complaint, Tarabein "seeks redress for the systemic abuses and constitutional deprivations suffered, as well as to compel transparency and accountability from the United States Government." (Doc. 10 at 7). While the allegations in Tarabein's second amended complaint are abbreviated in comparison to those in his previous complaints, his claims still rest on the same set of facts as those set forth in his initial and amended complaints. Specifically, he alleges that (1) federal actors

7

violated his Fifth, Sixth, and Eight Amendment Constitutional rights by maliciously prosecuting him, manipulating sentencing procedures, and misusing restitution funds; (2) federal actors deprived him of his property, liberty, and due process rights in violation of 42 U.S.C. § 1983; (3) he is due a refund from taxes paid on income that was taken as criminal restitution but never returned to victims; (4) federal actors have violated federal statutes and due process protections by failing to distribute the confiscated restitution funds; and (5) he is being denied transparency and justice. (Id. at 6-7). He brings his challenges against the IRS and the United States based on the alleged actions of federal officials and their involvement in the "misuse of federal restitution procedures, and improper tax collection practices" pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), 1346(a)(1), the Constitution, and "other applicable statutes." (Id.). He requests that the Court compel the government to provide a full accounting of the restitution funds distributed; to declare the government's actions unconstitutional under 42 U.S.C. § 1983; award him damages "for the financial, professional, and emotional harm caused by the government's misconduct;" and any other relief deemed appropriate. (Id. at 8).

After a thorough review of Tarabein's second amended complaint and for the reasons explained herein, it is determined

that this Court lacks subject matter jurisdiction over Tarabein's tax refund claim and that he has failed to state a claim with respect to his claims; thus, this action is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.  __Screening Standard Under 28 U.S.C. §§ 1915 and 1915A__

Because Tarabein is proceeding *in forma pauperis* and he filed this suit as a prisoner seeking redress from a governmental entity, the Court has conducted an initial screening review of his complaint pursuant to 28 U.S.C. §§ 1915 and 1915A.[4]  Section 1915(e)(2)(B) requires a district court to dismiss an IFP action if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Similarly, under § 1915A(b), a court must dismiss a prisoner's complaint against a governmental entity if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[4]    In reviewing the complaint, the Court liberally construes the plaintiff's allegations, holding them to a more lenient standard than those of an attorney. <u>Tannenbaum v. U.S.</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  Furthermore, a court "accepts the complaint's factual allegations as true," <u>Daker v. Ward</u>, 999 F.3d 1300, 1307 (11th Cir. 2021), but does not treat as true conclusory assertions or a recitation of a cause of action's elements. <u>Iqbal</u>, 556 U.S. at 681.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

defendant who is immune from such relief. Id. at § 1915A(b)(1)-(2).

A claim is frivolous under these provisions "when it appears the plaintiff 'has little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). A claim is frivolous as a matter of law if it is clear the defendant is immune from suit, id., if the plaintiff claims infringement of a legal right that clearly does not exist, id., or if an affirmative defense, such as a statute of limitations, would defeat the claim. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

Dismissals for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

10

<u>Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. <u>Randall v. Scott</u>, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not require detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 557). Additionally, when a successful affirmative defense appears on the face of a complaint, dismissal for failure to state a claim is also warranted. <u>Jones v. Bock</u>, 549 U.S. 199, 215 (2007).

### III. <u>DISCUSSION</u>

Tarabein brings his suit against the United States of America for a refund of "taxes levied on the over six and a half million dollars which the government seized, along with any applicable interest." (Doc. 10 at 11). Review of his second amended complaint, however, reveals that the Court lacks jurisdiction over his claim.

Federal courts are courts of limited jurisdiction and are authorized by Constitution and statute to hear only certain types of actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

It is a plaintiff's duty in a federal civil action to identify in the complaint the basis for the court's subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a)(1) states that a complaint "must contain [] a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). A plaintiff must affirmatively allege facts establishing the existence of jurisdiction. Taylor, 30 F.3d at 1367. "And it is the facts and substance of the claims alleged, not the jurisdictional labels attached, that ultimately determine whether

a court can hear a claim." <u>DeRoy v. Carnival Corp.</u>, 963 F.3d 1302, 1311 (11th Cir. 2020). When a plaintiff fails to allege facts that, if true, show that federal subject matter jurisdiction over his case exists, "district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." <u>Travaglio v. Am. Exp. Co.</u>, 735 F.3d 1266, 1268 (11th Cir. 2013).

### 1. Tarabein Fails to Carry His Burden of Proving Subject Matter Jurisdiction Demonstrating a Waiver of Sovereign Immunity Under 28 U.S.C. § 1346(a).

Section 1346(a)(1) provides that "a district court has jurisdiction over a 'civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.'" <u>United States v. Dalm</u>, 494 U.S. 596, 601 (1990) (quoting 28 U.S.C. § 1346(a)(1)). However, as previously explained to Tarabein, the United States consents to being sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully

collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). That is, before filing suit in federal court for credit or refund of overpaid taxes, a "taxpayer must first file an administrative claim with the IRS for a refund or credit 'according to the provisions of law in that regard' and any applicable regulations." Enax v. Comm'r, 476 F. App'x 857, 859 (11th Cir. 2012) (per curiam) (citing 26 U.S.C. § 7422(a)).

These requirements include, *inter alia*, the full payment of all taxes owed to the IRS. Flora v. United States, 357 U.S. 63, 68, 78 S.Ct. 1079, 1083, 2 L.Ed.2d 1165 (1958), aff'd on reh'g, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). In addition, the administrative claim must be "verified by a written declaration"; set forth "in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis" of the claim; and use the appropriate tax refund form. 26 C.F.R. §§ 301.6402-2(b), 301.6402-3(a). **The administrative claim also must be filed within three years of the filing of the return or within two years of the tax being paid.** 26 U.S.C. § 6511(a); Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1269 (11th Cir. 2006). If the taxpayer does not comply with these requirements, the district court does not have jurisdiction to entertain the tax refund suit. Id. at 1264.

Id. (emphasis added).

As relevant here, 26 U.S.C. § 6511(a) "provides that a refund claim must be filed 'within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the

taxpayer, within 2 years from the time the tax was paid.'" Dantzler v. U.S. I.R.S., 183 F.3d 1247, 1248 (11th Cir. 1999) (quoting 26 U.S.C. § 6511(a)). "A taxpayer's failure to file a timely claim for refund is a jurisdictional bar to suit." Deeb v. United States, 584 F. Supp. 3d 1297, 1304 (N.D. Ga. 2022) (citing Dalm, 494 U.S. at 602); see Wachovia Bank, 455 F.3d at 1269 ("Because Wachovia failed to file its claims for a refund for the 1997 and 1998 tax years within the three-year limitations period set forth in 26 U.S.C. § 6511(a), the district court was barred by 26 U.S.C. § 7422(a) from exercising any jurisdiction over those claims."); Dantzler, 183 F.3d at 1248 (referring to § 6511(a) as a "jurisdictional time bar"); Ruble v. U.S. Gov't, Dep't of Treasury, I.R.S., 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001) ("Courts, including the United States Supreme Court, have repeatedly held that a taxpayer may not maintain a suit for a refund of taxes unless a claim for a refund has been properly filed within the applicable time period."); Ross v. Bolin, 2022 U.S. Dist. LEXIS 31372, at *13, 2022 WL 525460, at *5 (E.D. Cal. Feb. 22, 2022) ("[T]o overcome sovereign immunity in a tax refund action, the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code.").

"That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she

has a ground upon which to claim a refund, does not operate to lift the statutory bar." Dalm, 494 U.S. at 610 n.7; see also Vintilla v. United States, 931 F.2d 1444, 1446 (11th Cir. 1991) (per curiam) (holding that principles of equity, like the doctrine of equitable tolling, cannot be used to extend the limitations period in a tax refund suit in accordance with § 6511(a)); United States v. Brockamp, 519 U.S. 347, 354 (1997) (concluding "that Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations").

In his second amended complaint, Tarabein alleges that he filed an amended tax return, a Form 1040X, "to recover taxes paid on confiscated income that was ultimately returned to [victims in his criminal case]" but claims his amended tax return "remains unresolved [by the IRS.]" (Doc. 10 at 7). He further claims, "[t]he government's refusal to process this legitimate tax relief violates federal tax laws and administrative procedures, . . . under 28 U.S.C. § 1346(a)(1)." (Id.). Notwithstanding clear and repeated directives from the Court, Tarabein does not specify the years for which he filed an amended return nor the date(s) on which he filed the amended tax return, Form 1040X. What Tarabein has provided however demonstrates that he has not meet the requirements of § 6511(a). According to Tarabein, at a court hearing in 2022, he learned for the first time that restitution payments had not

been disbursed to his victims, and he then sought a reimbursement for the income taxes he pay for the years 2011 through 2017. Accepting as true Tarabein's assertion that he sought reimbursement or a refund for the tax years 2011 through 2017 *after* being in Court in 2022, his claim is outside of the time limits imposed by § 6511.

"Plaintiffs carry the burden of establishing jurisdiction, and thus dismissal is appropriate where the allegations and other evidence fails to demonstrate that the plaintiff filed a timely refund claim with the IRS." Warren v. Dep't of Treasury, 2015 U.S. Dist. LEXIS 98856, at *7, 2015 WL 5166008, at *3 (E.D. Mich. May 6, 2015), report and recommendation adopted, 2015 U.S. Dist. LEXIS 98045, 2015 WL 4545995 (E.D. Mich. July 28, 2015). "This holds true even during IFP screening under 28 U.S.C. § 1915(e)." Warren, 2015 U.S. Dist. LEXIS 98856, at *8, 2015 WL 5166008, at *3; see, e.g., Spence v. Internal Revenue Serv., 2016 U.S. Dist. LEXIS 168773, at *5, 2016 WL 7116578, at *2 (N.D. Ga. Dec. 7, 2016) (dismissing tax refund action "pursuant § 1915(e)(2)(B)" where plaintiffs did "not allege the exact dates on which they filed their 2005 tax return or paid their taxes, [but] it [was] clear that the statute of limitations had run by September 2014, when Plaintiffs filed their overpayment claim with the IRS[,]" and stating that "[b]ecause Plaintiffs' claim was filed late, the court

lack[ed] subject matter jurisdiction over their refund suit");
Suarez v. Internal Revenue Serv., 2021 U.S. Dist. LEXIS 136969, at
*4, 2021 WL 3113059, at *2 (S.D. Fla. July 22, 2021) (screening
complaint seeking reimbursement of alleged income tax overpayments
under § 1915(e)(2) and dismissing the complaint with leave to amend
where the complaint "lump[ed] the years for which the Plaintiff
[sought] reimbursement" and was "silent" as to when the returns
were filed or when the taxes were paid, "making it impossible for
the Court to discern the timeliness" of the plaintiff's claim);
White v. United States Internal Revenue Serv., 2019 U.S. Dist.
LEXIS 96406, at *4, 2019 WL 2417646, at *2 (E.D.N.C. Apr. 11, 2019)
(screening tax refund complaint under §§ 1915 and 1915A and finding
that because plaintiff "did not file his request for a refund until
22 years after he made his first overpayment and 5 years after the
most recent overpayment[,] . . . his claim [was] time barred under
§ 6511(a) and should be dismissed"), report and recommendation
adopted, 2019 U.S. Dist. LEXIS 95682, 2019 WL 2413697 (E.D.N.C.
June 6, 2019), aff'd, 785 F. App'x 168 (4th Cir. 2019).

Here, Tarabein was given clear instructions regarding the
facts that must be alleged in order to proceed with his claim for
an IRS refund, and an opportunity to amend his complaint.
Notwithstanding, Tarabein's second amended complaint does not
allege facts demonstrating that he filed a timely refund claim

with the IRS under 26 U.S.C. § 6511.  Accordingly, his refund claim is due to be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2016) (When a court lacks subject matter jurisdiction, dismissal is mandatory).

**2.  Tarabein Fails to State a Claim Under 42 U.S.C. § 1983.**

Tarabein also seeks redress under 42 U.S.C. § 1983 for the violation of his constitutional rights, based on his contention that "federal actors abused their positions to deprive him of his property, liberty, and due process rights without justification." (Doc. 10 at 7).  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Tarabein's § 1983 claim, which is based on the seizure and disposition of his assets by the United States in his federal criminal proceeding, is patently frivolous because Tarabein cannot show that the actions he complains of were taken under color of *state* law.  See, e.g., Lodge v. Berry, 2010 U.S. Dist. LEXIS 150854, at *5, 2010 WL 11493788, at *2 (N.D. Ga. Mar. 9, 2010) ("Here, the actions Plaintiff complains about take place under color of federal law.  Thus, Plaintiff's claims under § 1983 are frivolous."), report and recommendation adopted, 2010 U.S. Dist.

19

LEXIS 150843, 2010 WL 11493750 (N.D. Ga. Apr. 9, 2010). Indeed, all actions complained of by Tarabein were conducted by federal officials, not state officials, such that Tarabein's claim is frivolous and due to be dismissed under 28 U.S.C § 1915(e)(2)(B)(i).

**3. Tarabein's Amended Complaint Fails to State a Claim Under <u>Bivens</u>.**

Even if Tarabein's due process claim is more properly construed as a claim under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), it still fails.

> When it enacted 42 U.S.C. § 1983, Congress allowed an injured person to sue for money damages claiming that a *state* official had violated his constitutional rights. Congress has never enacted a corresponding statute providing a damages remedy to plaintiffs whose constitutional rights have been violated by a *federal* official. Nevertheless, in <u>Bivens</u>, the Supreme Court created for the first time an implied private right of action for damages against federal agents, at least for a violation of the Fourth Amendment.

<u>Johnson v. Terry</u>, 119 F.4th 840, 847 (11th Cir. 2024) (emphasis in original) (internal citation omitted).

> In the decade after <u>Bivens</u>, the [Supreme] Court created two more causes of action for violations of constitutional rights by federal officials. One was against a Congressman under the Fifth Amendment for sex discrimination after he fired his secretary because she was a woman; another was against federal prison officials under the Eighth Amendment for failing to treat an inmate's asthma, resulting in his death.

<u>Id.</u> (citing <u>Davis v. Passman</u>, 442 U.S. 228, 230-31 (1979); <u>Carlson v. Green</u>, 446 U.S. 14, 16 & n.1 (1980)).

20

"In the 44 years since Carlson, the Supreme Court has over and over again 'refused to extend Bivens to any new context or new category of defendants.'"  Johnson, 119 F.4th at 847 (quoting Ziglar v. Abbasi, 582 U.S. 120, 135 (2017)).  The Supreme Court "has warned that 'expanding the Bivens remedy is now a "disfavored" judicial activity' because it impinges on 'separation-of-powers principles.'"  Robinson v. Sauls, 102 F.4th 1337, 1342 (11th Cir. 2024) (quoting Ziglar, 582 U.S. at 135).  Indeed, the Supreme Court has cautioned that courts are forbidden to use Bivens to recognize new causes of action for damages for constitutional violations by federal officials except in the "most unusual circumstances," if then.  Johnson, 119 F. 4th at 843 (citing Egbert v. Boule, 596 U.S. 482, 486, 491 (2022)).

Assuming Tarabein's particular due process claim is cognizable under Bivens – an extremely doubtful proposition in the wake of the Supreme Court's recent jurisprudence – it nevertheless fails because a Bivens claim cannot be brought against the IRS or the United States, due to sovereign immunity.  See, e.g., Cargill v. United States Dep't of the Treasury, 2020 U.S. Dist. LEXIS 34400, at *5, 2020 WL 1613441, at *3 (N.D. Ala. Feb. 3, 2020) (noting that "a Bivens action cannot be brought against federal agencies—such as the United States Department of the Treasury or the Internal Revenue Service—due to sovereign immunity"), report

and recommendation adopted, 2020 U.S. Dist. LEXIS 33536, 2020 WL 949107 (N.D. Ala. Feb. 27, 2020); Marshall v. United States, 763 F. App'x 862, 865 (11th Cir. 2019) (per curiam) ("Bivens does not provide for an action against federal agencies . . . or against the United States, . . . all of which enjoy sovereign immunity."). Accordingly, Tarabein's Bivens claim is frivolous and due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as defendants are immune from such suit.

At this juncture, where Tarabein has already been given the opportunity to amend his complaint and present his "best case", leave to amend would be futile. Morris v. Rinker, 2005 U.S. Dist. LEXIS 33919, 2005 WL 1027485 (M.D. Fla, April 14, 2005).

**IV. Conclusion.**

For the reasons discussed above, Tarabein has failed to establish this Court's subject matter jurisdiction over his refund claims, and his other claims are frivolous. Therefore, the undersigned **RECOMMENDS** that Tarabein's complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B).

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14)

days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

ORDERED this **18th** day of **June, 2025.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

23